Akre v. Garland

BIA
Mulligan, IJ
A209 386 096

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

AWOH FRANCK DOMINIQUE DIDIER AKRE, AKA AWOH FRANCK D. AKRE
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

18-1801
NAC

FOR PETITIONER: Rachel G. Skaistis, Dean Nickles, Cravath, Swaine & Moore LLP, New York, NY; Jennifer Williams, The Legal Aid Society, New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Jonathan Robbins, Senior Litigation Counsel; Patricia E.

Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Awoh Franck Dominique Didier Akre, a native and citizen of Côte d'Ivoire, seeks review of a June 5, 2018, decision of the BIA affirming a January 25, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Awoh Franck Dominique Didier Akre*, No. A209 386 096 (B.I.A. June 5, 2018), *aff'g* No. A209 386 096 (Immig. Ct. N.Y. City Jan. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We assume, as the BIA did, that the government of Côte d'Ivoire was unable or

2

unwilling to protect Akre from the persecution he suffered and fears. *See Yan Chen*, 417 F.3d at 271-72.

The agency failed to adequately consider the record in determining that Akre, who was presumed to have a well-founded fear of persecution on account of past persecution stemming from his conversion to Islam, could safely relocate within Côte d'Ivoire to avoid future harm. An applicant who has suffered past persecution is presumed to have a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The Government may rebut this presumption by establishing that the applicant can reasonably relocate, but "it shall be presumed that internal relocation would not be reasonable, unless the [Government] establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii) (2013). In determining whether internal relocation would be reasonable, the IJ considers "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social

3

and familial ties." *Id.* § 1208.13(b)(3) (2013).

The agency found that Akre could reasonably and safely relocate to northern Côte d'Ivoire because the northern part of the country is predominantly Muslim, the government encourages religious tolerance, and Akre could find employment as a trained air conditioning technician. But the agency erroneously ignored the evidence supporting that internal relocation to the northern part of the country might be unreasonable in several ways. First, the IJ erred in finding irrelevant Akre's identifiability as a member of his tribe because that evidence was relevant to whether his persecutor could easily locate him should he relocate to northern Côte d'Ivoire where members of his tribe do not usually reside. Second, the BIA applied an incorrect standard when evaluating the relevance of Akre's identifiability as a member of his tribe and finding it "unclear . . . that such distinction would render his relocation unreasonable," Certified Admin. Record 4, because his relocation was presumed *unreasonable* until shown by the Government to be reasonable, *see* 8 C.F.R. § 1208.13(b)(1)(i)(B) (2013). Third, the agency erred in finding evidence of political, social, and religious unrest

and generally harsh conditions in the country outdated and unrelated to Akre's case because the evidence indicated that similar volatile conditions remain and such conditions were relevant to the reasonableness of relocation. *See id.* § 1208.13(b)(3) (2013). Lastly, the agency failed to acknowledge the evidence that the criminal activities of security forces and other groups restrict freedom of movement in much of northern Côte d'Ivoire.

Because the agency failed to consider relevant evidence that Akre could easily be located due to his tribal identity, that civil strife is ongoing, and that internal movement is restricted, it erred in relying solely on evidence that the northern part of Côte d'Ivoire is predominantly Muslim and that the government encourages religious tolerance to conclude that it would be reasonable for Akre to relocate to northern Côte d'Ivoire "under all the circumstances." *Id.* § 1208.13(b)(3)(ii) (2013). Accordingly, we remand for the agency to consider all relevant evidence related to the reasonableness of internal relocation to northern Côte d'Ivoire. *See id.* § 1208.13(b)(1)(ii), (3)(ii); *Yan Chen*, 417 F.3d at 272–73 (providing that remand is required when agency overlooks or fails to consider material evidence).

5

Likewise, the BIA erroneously found that Akre could alternatively relocate within southern Côte d'Ivoire because that finding is not supported by substantial evidence. Given Akre's persecutor has already located and attacked him in southern Côte d'Ivoire, it is unreasonable for him to relocate there. Accordingly, we remand for the agency to reconsider the reasonableness of internal relocation within southern Côte d'Ivoire. *See Tambadou v. Gonzales*, 446 F.3d 298, 302 (2006) ("We remand for reconsideration . . . where the IJ's or BIA's determination is based on an inaccurate perception of the record . . . ." (internal quotation marks and citation omitted)).

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** to the BIA. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6